ELLA J. YOUNG *v.* J. B. ROACH.

[61 South. 984.]

1. EXECUTORS AND ADMINISTRATORS. *Necesssity of administration. Collection of insurance. Management of estate. Counsel fees and cost.*

Where a policy of insurance on the life of a deceased was payable alone to his surviving daughter, there was no necessity for administration on his estate in order to collect the policy.

2. EXECUTORS AND ADMINISTRATORS. *Counsel fees and cost.*

Allowances to an administrator for attorney fees and court costs are made for the protection of the estate being administered, and can only be allowed out of money belonging thereto, and where a policy of insurance upon the life of such policy never became a part of the estate of deceased to be administered there is no principle of law or equity which would justify a court in taking the property to pay counsel fees and court costs incurred by the administrator in attempting to deprive her of it.

APPEAL from the chancery court of Lafayette county. HON. D. M. KIMBROUGH, Chancellor.

Petition by J. B. Roach, administrator of the estate of Simon McKie, deceased, for allowance of cost of administration proper, counsel fees, court costs and commissions as administrator, contested by Ella J. Young. From a decree allowing same, she appeals.

The facts are fully stated in the opinion of the court.

*Falkner, Russell & Falkner,* for appellant.

There was absolutely no necessity for administration on the estate of Simon McKie, deceased, in order to collect policy No. 3115 issued on the life of said McKie even if it were true, as contended by counsel, that it was payable to the "legal representatives" of Simon McKie for the reason that the "legal representatives" as shown by this record, were his wife or widow, Harriet McKie, Ella J. Young, his daughter, and Billie McKie, his bastard son, all then of age and authorized to act for themselves in the collection of anything due them as such. But this is an entirely different state of facts. Here the policy was made payable to appellant, Ella J. Young, by name, and the policy was delivered to her by her father in his life time; she paid all the premiums thereon and had it when he died, and it was she who made proof of death and, together with the original policy, sent it in to E. H. McKissach the proper officer of the Odd Fellows' Benefit Association of Mississippi. It was not and never was a part of the estate of Simon McKie. · Then why the necessity for an administrator? This court and the chancery court both held that it was not a part of the estate of the said McKie.

It is true that the court below in holding that the proceeds of the policy belonged to appellant, exercised its right to even tax the successful party with cost, and did tax her with the cost of administration to date of decree, not the cost of the case No. 3970. An attorney's reasonable fee would only be twenty-five dollars in the case No. 3964, being the administration, the letters be-

ing issued at the instance of Harriet McKie. Counsel for appellant is not mistaken when he said, that Harriet McKie was a party and represented by the same counsel now acting in this case, viz., L. C. Andrews. Stone & Son were not employed in the matter of the administration, but only on the hearing of the cause No. 3970 in which appellant was contending successfully for the entire proceeds of that policy. It was hers and the effect of the decision is that it was never a part of the estate and never rightfully in the hands of appellee as administrator.

The fee charged is not a part of the cost of administration. It cannot be paid out of Ella J. Young's money, neither can the cost of that litigation nor the commissions of the administration be so paid or retained by the administrator. We do dispute that the administrator employed counsel to represent the estate; L. C. Andrews as attorney for Harriet McKie filed the petition for letters to Roach. He filed the bill as such attorney for or rather in Roach's name against appellant, Harriet McKie, and Billie McKie which was decided in favor of appellant. And then in that case Stone & Son were associated for the first time with Andrews, not as counsel for or in the matter of the administration but in the case numbered 3970 styled J. B. Roach, administrator, against E. J. Young et al.

It is true administration of an estate means the management of the decedent's estate. The contention here is, that the proceeds of this policy was never a part of the decedent's estate, so held by the chancery court of Lafayette county and by the highest tribunal in the state. What right did the administrator then have to pay attorneys fees or retain commissions out of this fund? None. What right had he to pay cost in a litigated case not a part of the administration under the decree allowing him to retain "the cost of administration to date of decree?"

*James Stone & Son* and *L. C. Andrews,* for appellee.

There was a necessity for the administration. The administrator received the money for the benefit of the legal representatives of Simon McKie, deceased. A reading of the record places the matter beyond question that the administrator employed, as his attorneys to represent him in the administration of this estate, James Stone & Son and. L. C. Andrews. There is not even a dispute as to this. The administrator himself testifies that he employed them, and paid them for their services, which covered services on behalf of the administration and suit No. 3970. See final account and vouchers. Was suit 3970 styled J. B. Roach, administrator of the estate of Simon McKie, deceased, v. Ella J. Young and Billie McKie, a part and parcel of the administration? It was as much a part of the administration as a petition filed by the administrator to sell personal property. "Administration means the management of the estate of a decedent and expresses the jurisdiction assumed by the proper court over it. It includes more than the mere collection of the assets, the payment of debts and legacies, and distribution to the next of kin? It involves all that may be done rightfully in the preservation of the assets, and all which may be done legally by the administrator in his dealings with creditors, distributees, or legatees, or which may be done by them in securing their rights; and it includes all which may be done, and rightfully done, in relation to advance claims to assets which have come to the possession of the administrator as the property of the testate or intestate." 18 Cyc. 57; *Herndon* v. *Moore,* 18 S. C. 339. The chancellor heard the case 3970, including all the evidence. He adjudged that the cost be paid out of the fund declared by him to be the property of Ella J. Young. It cannot be said that costs was adjudged against the administrator. It was, therefore, unnecessary for the administrator to obtain from

the court trying the case a certificate that he had probable cause for bringing the suit.

Section 958 of the Code of 1906 reads: When costs are adjudged against an administrator or executor in a suit at law or equity, and he shall obtain the certificate of the court before which the suit was tried that there was probable cause for bringing or defending the same, he shall not be individually liable for costs, although the estate may be insufficient to pay them. The right to tax costs against the successful party in suits is given in section 952 of Code 1906. Two chancellors heard portions of the administration of McKie's estate, and both of them allowed costs out of the funds in the hands belonging to Ella J. Young. They exercised their discretion, being in possession of all the facts, and ordered Ella J. Young to pay costs. Attorneys' fees are part of the cost of administration. Appeal of Jane, 87 Pa. 428-430. The Mississippi cases cited by counsel for appellant are not applicable to the matter of costs arising out of this controversy. Costs in one of those cases were adjudged against the administrator. In the other case it is reasonable to infer that the judgments rendered against the administrator carried with them the right to recover costs. We respectfully submit that the chancellor's finding should not be disturbed.

SMITH, C. J., delivered the opinion of the court.

Appellee is the administrator of the estate of Simon McKie, deceased, who died in August, 1909, and whose life, at the time of his death, was insured in a fraternal order known as the Odd Fellows' Benefit Association. The policy recited that "the Odd Fellows' Benefit Association," etc., "will pay Ella J. Young, the legal representative of Simon McKie, at his death," etc., "the sum of twenty-five cents (25c) for each member of the association, one thousand dollars ($1,000) being fixed as the maximum amount of the endowment fund." Section 9

of the by-laws of this association provides that "the amount collected shall be paid to the person or persons whose name appears on the policy written by the secretary and treasurer of the Odd Fellows' Benefit Association, or written by the secretary of the subordinate lodge or member holding the policy, provided the writing of the same be witnessed by three other members of the lodge to which he is a member, who shall sign their names, as witnesses, on the back of said policy."

Simon left surviving him a widow, Harriett McKie, Ella J. Young, a child by a former marriage and an illegitimate son, Billy McKie. After his death this policy was sent by Ella J. Young, to whom it had been delivered by her father during his lifetime, to the secretary and treasurer of this association, who noted thereon the names of Harriett and Billy McKie, and, when asked why these names were put there, replied: "They were put there merely for my record." The association, instead of paying to Ella the amount due her on this policy, which seems to have been nine hundred and eighty-five dollars, paid it to appellee, who was then county administrator for Lafayette county, in which county Simon died and his widow still lived. Appellee's term of office as county administrator having expired, he was, on the petition of Harriett McKie, appointed and qualified as administrator of Simon's estate. He then filed a petition in the court below, setting up the fact that he had collected this money; that he had been advised that Ella J. Young and Billy McKie were not legitimate children of Simon, and that his widow, Harriett, was his only legal representative, but that Ella and Billy were each asserting a claim to the money in his possession, and praying that they be cited to appear and establish their claim. He also prayed that this petition be considered as his final account, and that he be discharged upon compliance with the decree of the court to be entered pursuant thereto. Harriett was not made a party to this petition.

It was answered by both Ella and Billy, and a spirited litigation ensued, which resulted in a decree directing appellee to "pay over to Ella J. Young the balance left in his hands, after the costs of the administration have been paid, up to date of this decree," which decree, on appeal to this court by appellee herein, was affirmed. *Roach* v. *Young,* 55 So. 882.

Upon return of the mandate to the court below, appellee, instead of complying therewith, filed in the court below another petition, which he again designated his "first annual and final account," setting up the foregoing facts, and asked that he be allowed the sum of two hundred dollars attorney's fees, five dollars and thirty-five cents costs of administration proper, and one hundred and forty-three dollars and ten cents court costs, incurred in the litigation hereinbefore referred to, and for his commissions as administrator. Objections were filed to this account by appellant, whereupon another spirited litigation ensued, which resulted in a decree approving this account, except that appellee was allowed no commissions as administrator, and was allowed the sum of one hundred dollars only for attorney's fees.

This insurance policy was the property of appellant, and the money due by the association thereon was payable to her alone; consequently there was no occasion for the appointment of an administrator in order that it might be collected. Appellee simply intermeddled in a matter with which he had no concern.

Allowances to an administrator for attorney's fees and court costs are made for the protection of the estate being administered, and can only be allowed out of money belonging thereto. This money never became a part of the estate of which appellant was administrator, but was always the property of appellant, and we know of no principle of law or equity which would justify a court in taking her property to pay counsel fees and court costs in an attempt to deprive her of it.

The first decree allowed the costs of administration incurred prior to the date of the decree, and from this decree appellant did not appeal. Therefore, to that extent, appellee should be allowed costs, but no further. This allowance will not include the expense incurred in contesting appellant's claim to the money, but only the costs of administration proper, which, according to the account filed, amounts to five dollars and thirty-five cents.

Reversed, and decree here directing appellee to pay over to appellant the money collected by him on this insurance policy, less the five dollars and thirty-five cents court costs allowed. Appellee to pay costs of this and the court below.

*Reversed and decree entered.*